IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 5:03-cr-00387-JRA |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| -vs- | ) | |
| | ) | |
| ERIC V. BARTOLI | ) | **SENTENCING MEMORANDUM** |
| | ) | **OF DEFENDANT, ERIC BARTOLI** |
| Defendant. | ) | |

NOW COMES the Defendant, Eric Bartoli (hereinafter referred to as "Bartoli"), by and through undersigned counsel, and hereby submits his Sentencing Memorandum. Mr. Bartoli respectfully requests this Honorable Court consider a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. §3553. A more thorough explanation of Mr. Bartoli's sentencing request is attached hereto and incorporated herein in the attached Memorandum in Support. The intended submission of this Sentencing Memorandum is to assist the Court in fashioning the Defendant, Eric Bartoli's sentence on November 9, 2016 at 10:30 a.m.

Respectfully submitted,

/s/ John D. Sammon
JOHN D. SAMMON (0033601)
Attorney for Defendant
jack.sammon66@gmail.com
19885 Detroit Road, #178
Cleveland, OH 44116
440-503-5225

/s/ Barry M. Ward
BARRY M. WARD, 0014991
BARRY M. WARD CO., LPA
*Attorney for Defendant*
bward@teowardlaw.com
National City Center
One Cascade Plaza, Suite 1000
Akron, OH 44308
330-535-1555   330-535-9113 fax

# MEMORANDUM IN SUPPORT

## I. PROCEDURAL BACKGROUND

On October 15, 2003, Defendant, Eric Bartoli, was named in a 10-Count Indictment filed in the United States District Court, Northern District of Ohio, Eastern Division. A Warrant was issued for his arrest on that date.

Bartoli was arrested by the Peruvian National Police on December 11, 2013, in connection with the Cyprus scheme charges. Bartoli remained in Peruvian custody until October 28, 2015, when he was deported to the United States. (686 days)

On July 13, 2016, Bartoli entered a plea of guilty to Counts 1 - 5 and 8 - 10 of the Indictment and was referred for a Presentence Investigation Report.

## II. FACTUAL BACKGROUND

Defendant would incorporate by reference as Factual Background the Factual Basis contained in the Plea Agreement as well the Presentence Investigation Report ¶'s 19 - 59.)

## III. LAW AND ARGUMENT

### A. Current State of Sentencing Law in the Wake of United States v. Booker and its Progeny

Sentencing procedure underwent a fundamental change with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Whereas the Federal Sentencing Guidelines previously were virtually mandatory in nature, today they are "effectively advisory" in all cases. Id. at 245. The net result is that district courts must now impose a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2). See *United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006) ("It is worth noting that a district court's job is not to impose a 'reasonable' sentence. Rather, a district

2

court's mandate is to impose a 'sentence, sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2).")

The Supreme Court's directive that district courts are to impose sentences in light of all of the sentencing criteria set forth in §3553 was made clear in its recent decision in *Gall v. United States*, 128 S. Ct. 586 (2007). In *Gall*, the Court established the following procedure that district courts are to follow when imposing sentence:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

Id. at 596-597; see also *United States v. Gossman*, 513 F.3d 592, 596 (6th Cir. 2008) ("Gall shows that the sentencing process involves an exercise in judgment, not a mathematical proof...").

Importantly, the "sufficient but not greater than necessary" standard of §3553 test is no mere guideline. Rather, it sets an independent upper limit on the sentence that may be imposed by a Court.

3

IV.     SENTENCING

      A.     **Imposing a Sufficient, But Not Greater Than Necessary, Sentence To Comply With the Purposes Set Forth in 18 USC §3553(a)(2)**

The Court shall impose a sufficient, but not greater than necessary, sentence to comply with purposes set forth in 18 USC §3553(a)(2) which are as follows: the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, 18 USC §3553(a) further directs the Court to consider the following seven factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed, (3) the kinds of sentences available, (4) the kinds of sentences and sentencing range, (5) any pertinent policy statement, (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and (7) the need to provide restitution to any victims of the offense.

In this Sentencing Memorandum, Bartoli and counsel shall address only the relevant factors as they pertain to this case so that the Court can determine what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing.

      **Factor One:**     **The Nature and Characteristics of the Offense and the History and Characteristics of the Defendant (18 USC §3553(a)(1))**

4

**Characteristics of Eric Bartoli**

Mr. Bartoli is 62 years old.  In 1982 Mr. Bartoli married Silvania Bertolero in Lima, Peru.  The couple divorced in Lima in 2004.  From their marriage two (2) children were born: Giuseppe Bartoli who lives in Lima, Peru and Daniela Bartoli who currently resides in the Chicago area.

Mr. Bartoli has previously lived in Peru for several years.  Mr. Bartoli lived in Peru from 1981 through 1983, 1985 through 1994, and 2001 until he returned to the United States in October, 2015.  In addition, Mr. Bartoli's daughter, Daniela Bartoli, was born in Lima, Peru on November 10, 1988.

Mr. Bartoli is in generally good health.  He does not suffer with any mental or emotional issues and denies any substance abuse.  Mr. Bartoli has no prior criminal record.

**Factor Two: The Need for the Sentence Imposed (18 U.S.C. §3553(a)(2))**

Mr. Bartoli realizes that he must serve a period of incarceration for his illegal conduct.

However, Mr. Bartoli entered a very timely guilty plea in this matter, especially considering the complexity of the case and the voluminous discovery materials.  By so doing, Mr. Bartoli spared the victims from having to travel to Ohio to testify and the Government from prosecuting a case where the evidence is over 20 years old.

Additionally, Mr. Bartoli would cite that the offenses, both charged and the relevant conduct, occurred many years ago.

Finally, Mr. Bartoli would ask this Court for credit for time served since his arrest on December 11, 2013, when he was arrested in Peru.  He has remained in custody since that time and was eventually returned to the United States on October 28, 2015.

**Factor Three:** The Need to Avoid Unwarranted Sentencing Disparities (18 USC §3553(a)(6))

Mr. Bartoli has reviewed the sentences that have been imposed on the other Defendants in this case. They are as follows:

Douglas R. Shisler (001): 09/03/2003: 21 months custody as to each of Counts 1-4 (Selling Unregistered Securities and Filing False Tax Returns) to run concurrent with each other, followed by 3 years of supervised release, $8,659,635.84 restitution.

Peter J. Esposito (002): 09/03/2003: 24 months custody as to each of Counts 1 and 5-7 (Selling Unregistered Securities and Filing False Tax Returns) to run concurrent with each other, followed by 3 years supervised release, $6,081,376.24 restitution.

Mr. Binge, who was a significant participant in this case, was never charged.

## V. CONCLUSION

Under 18 USC §3553, this Court is directed to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment, deters others, protects the public from further crimes by the Defendant, and provides rehabilitation. The ultimate question for this Court to decide is: what is just punishment for the offense that was committed by Mr. Bartoli?

Mr. Bartoli did not flee the United States to avoid criminal prosecution. In fact, there was not even a criminal investigation when he left the United States in 2000. In the Fall of 2000, Mr. Bartoli appeared before a Federal Magistrate in Concord, New Hampshire, with regard to the SEC violations. The Federal Magistrate dismissed the matter making it clear on the record that Mr. Bartoli's United States Constitutional Rights had been violated and that the Federal Rules of Procedure had not been followed. As stated, the matter was dismissed and Mr. Bartoli was told that he was a free man. He then left for Europe in the Fall of 2000 and moved back to Peru in 2001.

As stated earlier Mr. Bartoli has many ties to Lima, Peru. While in Peru Mr. Bartoli registered with not only the United States Embassy, but also the FBI and advised the various agencies of his current address. At no time prior to his arrest in December of 2013, did any individual from the respective agencies contact Mr. Bartoli to question him.

Mr. Bartoli has acknowledged that what he did was wrong and he certainly has no desire to be in front of this Court or any Court ever again. Mr. Bartoli has accepted responsibility for his conduct and has spent the last three (3) years in prison attempting to better himself, to correct his flaws and to learn from his mistakes. As Mr. Bartoli has stated "I don't want Cyprus Funds to be the last thing people associate me with. I have a real need to do good, to correct past mistakes, to compensate those who are due compensation."

Accordingly, Mr. Bartoli would ask this Court to consider the above when fashioning a sentence that is sufficient, but not greater than necessary, to comply with the purposes of 18 USC §3553.

                                                Respectfully submitted,

                                                /s/ Barry M. Ward
                                                BARRY M. WARD (0014991)
                                                Attorney for Defendant

                                                /s/ John D. Sammon
                                                JOHN D. SAMMON (0033601)
                                                Attorney for Defendant

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing *Sentencing Memorandum of Defendant* was filed electronically on this 2nd day of November, 2016. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Barry M. Ward
BARRY M. WARD (0014991)
Attorney for Defendant

/s/ John D. Sammon
JOHN D. SAMMON (0033601)
Attorney for Defendant