In The United States District Court
For The Northern District Of Ohio

United States of American
  Plaintiff - Respondent

v

Eric Bartoli
  Defendant - Petitioner

Case No. 5:03cr387
5:19cv1841

Judge John R. Adams

FILED
MAR 26 2020
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

## Motion For Reconsideration

The Movant, Eric Bartoli, acting pro se and in forma pauperis, comes before the court seeking a remedy with respect to an "order" handed down by the court on February 13, 2020. Said "order" purportedly remedies claims put forth in the Movant's habeas corpus filed under 28 USC § 2255 and docketed August 13, 2019. The Movant claims the "order" is not a remedy; instead it's an attempt to sweep the real issues under the rug. Given what's just been said, an explanation is in order.

### Background

On August 13, 2019 the Movant filed a habeas corpus under 28 USC § 2255 alleging ineffective assistance of counsel (IAC). The Movant tied five issues to his IAC claim:
  i) Ex Post Facto Statute violations,
  ii) Violations of the Movant's Sixth Amendment right to a "Speedy Trial",
  iii) Illegal extradition,
  iv) prosecutorial misconduct, and

①

v) Breach of the Plea Agreement, irregularities with the last minute inclusion of Victim Impact Letters, failure of defense counsel to abide by the Plea Agreement, etc.,...

On December 12, 2019 the government filed a "Response in Partial Concession by the United States of America" and asked the court to vacate the sentence under 28 USC § 2255 admitting that illegal sentences existed, but completely ignoring the IAC claims and the other four issues tied to it. On December 23, 2019 the Movant filed a "Response" to the government's partial concession and it included a "Declaration for Entry of Default".

One month later, on January 28, 2020, the Movant filed a "Motion to Take Judicial Notice", citing constitutional defects in the indictment, the Menna-Blackledge Doctrine, and questioning the court's jurisdiction. This was followed by the aforementioned "order" on February 13, 2020, vacating the Movant's sentence, mooting all pending motions, with little or no explanation as to why. The "order" failed to discuss the IAC claim or the four remaining issues, or how it could moot a motion questioning its jurisdiction. It even failed to say 'why' the sentence was illegal.

## Argument

The Movant's habeas was filed under 28 USC § 2255 and the relevant sections of the statute read as follows:

28 USC § 2255: Federal Custody: remedies on motions attacking sentence

(a) A prisoner in custody under a sentence of a court establish-

②

ed by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the US, or the court was without jurisdiction to impose such sentence, or that the sentence was in excess of maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

(b) Unless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court will cause notice thereof to be served upon the US Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect there to. If the court finds the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate

In the case at hand the "order" vacated the sentence but failed to hold an evidentiary hearing or "determine the issues and make findings of fact and conclusions of law with respect thereto". 28 USC § 2255 (b). By vacating the sentence the court can't claim the facts weren't true. In US v Shatvoryan, 2019 US App LEXIS 27685 (9th C, 2019) the court stated that Shatvoryan filed a 2255 motion arguing that her counsel was ineffective in

③

negotiating her plea agreement. She argued that the district court errored in denying her motion without holding an evidentiary hearing pursuant to 28 USC § 2255(b).

The Sixth Circuit Court of Appeals has quite a bit to say with respect to the issue at hand. In MacLloyd v US, 584 Fed Appx 555, 558 (6th C, 2017), the court held "a hearing should be granted unless the motion can be conclusively determined either by the motion itself or by the files and records of the trial court" to lack merit. The court goes on to say that an "evidentiary hearing is required where the habeas petitioner offers more than a mere assertion, but presents a factual narrative of events that is neither contradicted by the records nor inherently incredible. The purpose of the hearing is to allow the court to make factual determinations based on more than a defendant's affidavit and the contrary representations of the government. This sentiment was repeated in Thompson v US, 728 Fed Appx 527, 556 (6th C, 2018), "The burden, however, that a habeas petitioner must bear to show entitlement is relatively light. Unless the motion for relief under 28 USC § 2255 and the files and records of the case show that the petitioner is entitled to no relief, a court shall" (the language of command) "grant a prompt hearing thereon." This theme is repeated yet again in Falson v US, 650 Fed Appx 880, 886 (6th C, 2016) with the court declaring "where there is a factual dispute, a habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims. Unless the record conclusively shows that the petitioner is entitled to no relief, the court shall grant a prompt hearing to determine the issues and make findings of fact and conclusions of

④

law.

Other districts have been just as adamant when it comes to a petitioner's right to a prompt hearing to determine findings of fact and conclusions of law. The Third Circuit in Cherys v US, 405 Fed Appx 589, 591 (3rd C, 2010) ruled that "in the context of an IAC claim presented in a §2255 petition, a district court must therefore determine whether, considering as true all "nonfrivolous" factual claims, the petitioner "states a colorable claim for relief" under Strickland v Washington, 466 US 668 (1984) - that is that counsel's was deficient and that this deficiency prejudiced the petitioner. US v Dawson, 857 F2d 923, 928 (3rd C, 1988). In a more recent case, the same circuit, in US v Tolliver, 800 F3d 138, 140 (3rd C, 2015), said they have interpreted 28 USC §2255(b) to mean that "where a petition alleges any facts warranting any relief under §2255 that are not clearly resolved by the record, the district court is obligated to follow the statutory mandate to hold an evidentiary hearing." Booth, 432 F3d at 546 (quoting US v McCoy, 410 F3d 124, 134 (3rd C, 2005). Similar decisions have been found in other circuits. See US v Graham, 722 Fed Appx 211 (5th C, 2019); Riolo v US, 2019 US App 24465 (11th C, 2019); US v Finch, 851 F3d 402 (5th C, 2017); US v Simmons, 763 Fed Appx 303 (4th C, 2019); US v Whaley, 733 Fed Appx 706 (4th C, 2018); and Brock-Miller v US, 887 F3d 298 (7th C, 2018).

## Conclusion

By vacating the Movant's sentence the court demonstrated beyond a reasonable doubt that the habeas in question contains real issues. By signing a generic "order" without stating why, the

⑤

court failed to comply with 28 USC § 2255(b). It left many questions unanswered, important questions, like if in fact the Movant had an illegal sentence, what part did district defense counsel play in it? By vacating the sentence while ignoring the issue of IAC (the core of the habeas argument), is the court saying counsel had no duty to point this out? Another question involves the application of the illegal sentence remedy. If ex post facto statutes can be found in the indictment, extradition, plea agreement, arraignment, and change of plea hearing, how is it the court only applied a remedy to the sentence? Then there are the ignored issues of IAC, Treaty violations, the Sixth Amendment violation of a right to a speedy trial, prosecutorial misconduct, and sentencing issues. Given what's been said, the Movant asks the court to comply fully with 28 USC § 2255(b) and respond to all the issues contained in the habeas in prompt fashion. The Movant has been subjected to illegal sentences and other violations of his rights for years and he believes this entitles him to the remedy of dismissal with prejudice.

I, Eric Bartoli, swear under penalty of perjury pursuant to 28 USC § 1746 that all herein is true to the best of my ability.

March 22, 2020

*Eric Bartoli*

Eric Bartoli, 61329060
Northeast Ohio Correction Center
2240 Hubbard Rd
Youngstown, OH 44505

(6)

ric Bartoli, 61329060
ortheast Ohio Correction Center
2240 Hubbard Rd
oungstown, OH 44505

Legal Mail

Clerk of the Court
Northern District of Ohio
US Courthouse
2 S. Main St., Rm 568
Akron, OH 44308

44308-181143

Core Civic/NEOCC has neither inspected nor censored and will not be responsible for the contents.