UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO.  5:03CR387 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Judge John R. Adams |
| ERIC V. BARTOLI, ) | |
| ) | ORDER |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Eric Bartoli's motion to reduce his sentence under Amendment 821.  Doc. 197.  Upon review, the motion is DENIED.

Amendment 821 adds a new section, 4C1.1, which provides certain "zero-point offenders" with a two-level reduction to their offense level. *Id*. The two-level reduction applies if a defendant meets all of the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.  While Bartoli contends that he satisfies these criteria, he is incorrect.

> In determining whether the offense resulted in substantial financial hardship to a victim, the court shall consider, among other factors, whether the offense resulted in the victim—
>
> (i) becoming insolvent;
>
> (ii) filing for bankruptcy under the Bankruptcy Code (title 11, United States Code);
>
> (iii) suffering substantial loss of a retirement, education, or other savings or investment fund;
>
> (iv) making substantial changes to his or her employment, such as postponing his or her retirement plans;
>
> (v) making substantial changes to his or her living arrangements, such as relocating to a less expensive home; and
>
> (vi) suffering substantial harm to his or her ability to obtain credit.

U.S.S.G. 2B1.1, Application Note 4. "[T]hese considerations are illustrative rather than exclusive." *United States v. Pioch*, No. 3:14-CR-00403-01, 2024 WL 2020296, at *1 (N.D. Ohio May 7, 2024).

Given the nature of Bartoli's fraud, there is no question that he caused substantial financial hardship. The Court heard evidence of the complete loss of retirement and other savings account. Moreover, Bartoli's crime left some victims so destitute that they were required to move in with younger relatives simply to afford a place to live. As such, Bartoli does not qualify for any reduction under Amendment 821.

The motion to reduce his sentence is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| March 28, 2025 | /s/John R. Adams |
| Date | JOHN R. ADAMS |
| | UNITED STATES DISTRICT JUDGE |