UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC BARTOLI, | ) | |
| | ) | CASE NO. 5:03CR387 |
| Petitioner, | ) | 5:25CV2668 |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

Pending before the Court is Petitioner Eric Bartoli's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 213. Bartoli has also moved to set aside his judgment pursuant to Rule 60(b) (Doc. 214) and filed a motion challenging the constitutionality of a statute. Doc. 215. Upon review, the motions are DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Bartoli's § 2255 motion comes after his second resentencing that took place on November

28, 2023. Bartoli, however, does not focus any of his arguments on that resentencing. Instead, he once again seeks to relitigate issues long ago decided by this Court. Bartoli contends that his original trial counsel was ineffective, that his speedy trial rights were violated, and that he entered into an illegal plea agreement. However, each of Bartoli's arguments focus upon his assertion that his trial counsel was ineffective. The Court's resolved Bartoli's challenges claiming ineffective assistance of counsel when it resolved his prior § 2255 motion on January 3, 2021. *See* Doc. 129. To the extent Bartoli raises the same claims, they are foreclosed by the law of the case. To the extent that Bartoli has manufactured new arguments about his counsel, he has procedurally defaulted those claims by not raising them in his first § 2255 motion. Accordingly, each of his grounds for relief lack merit.

Bartoli's Fed.R.Civ.P. 60(b) motion is premised again upon his assertions that he was wrongfully extradited and negotiated a plea agreement in which none of parties recognized they were utilizing an improper statutory maximum. Bartoli's arguments have been heard and resolved on these issues long ago. They do not amount to fraud on the Court, and they do not provide any basis for relief. His 60(b) motion is therefore DENIED.

Finally, the Court finds no legal basis for Bartoli's "Motion challenging the constitutionality of a statute." Bartoli may be correct that there exists an avenue to challenge the constitutionality of a statute. However, that avenue is not his closed criminal proceedings. Accordingly, the motion is DENIED.

Based upon the above, the motion to vacate is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c);

Fed. R. App. P. 22(b).

IT IS SO ORDERED.

September 30, 2026
Date

*/s/John R. Adams*
John R. Adams
U.S. District Judge